UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

ERIK W. JOHNSON, all other occupants
N940 State Highway M35
Menominee, MI 49858-9572,

        Plaintiff,

v.                                      Case No. 2:12-CV-00452

FANNIE MAE,                     HON. GORDON J. QUIST

        Defendant.
_____/

## DECISION

        Plaintiff, Erik W. Johnson, seeks injunctive and declaratory relief (Counts I and II) to set aside the sheriff's sale of his home for The Federal National Mortgage Association's ("Fannie Mae") alleged violations of Johnson's equal protection and due process rights. (Counter-Compl., Docket no. 1-4, Page ID 40–41.) Johnson further seeks damages under 42 U.S.C. § 1983 (Counts III and IV) for Fannie Mae's alleged deprivations of Johnson's federally-protected rights, including equal protection. (*Id.* at Page ID 48.) Finally, Johnson seeks damages for slander of title/quiet title (Count V) based on various irregularities in the foreclosure process. (*Id.* at Page ID 49.)

        Fannie Mae has moved for dismissal with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, the Court will grant Fannie Mae's motion and dismiss the Counter-Complaint with prejudice.

## I. BACKGROUND

During a 2010 dispute over the balance of payment due to PHH Mortgage,[1] Johnson defaulted on his loan. (*Id.* at Page ID 43.) PHH Mortgage provided Johnson a notice of default and "notice to contact PHH Mortgage for loan counseling mediation services," but Johnson did not do so. (*Id.*) PHH Mortgage foreclosed on Johnson's property, (*id.* at Page ID 44), using Michigan's nonjudicial foreclosure by advertisement under chapter 32 of Michigan Compiled Laws, (*id.* at Page ID 41). PHH Mortgage published and posted notice of the nonjudicial sale. (*Id.* at Page ID 44.) At the January 7, 2011 sheriff's sale, PHH Mortgage purchased Johnson's property. (*Id.*) PHH Mortgage quitclaimed its interest in the property to Fannie Mae on January 19, 2011. (*Id.*)

The statutory redemption period expired on July 7, 2011 without Johnson redeeming his property. (*Id.*) On June 26, 2012, Fannie Mae filed an eviction action against Johnson. Johnson alleges that Fannie Mae is a "government controlled and operated entity or federal instrumentality," (*id.* at Page ID 45), because Fannie Mae was placed under a federal conservatorship of the Federal Housing Finance Agency in September 2008, (*id.* at Page ID 42).

Johnson claims that Fannie Mae violated his constitutional rights to due process and equal protection by taking his property through Michigan's nonjudicial foreclosure by advertisement process. (*Id.* at Page ID 41.) Accordingly, Johnson seeks damages under 42 U.S.C. § 1983. (*Id.* at Page ID 48.) Finally, Johnson alleges a claim for slander of title/quiet title based on various irregularities in the foreclosure process. (*Id.* at Page ID 49.)

---

[1] Johnson claims that when he requested a mortgage payment book from PHH Mortgage, PHH Mortgage told him that no property in PHH Mortgage's database matched the address of his property and, therefore, the mortgage must have been paid off. (Counter-Compl. at Page ID 43.)

2

## II. MOTION STANDARD

Although a court is normally precluded from considering matters outside of the pleadings in addressing a motion to dismiss for failure to state a claim, courts recognize an exception for documents attached to or referenced in the complaint. "When a court is presented with a Rule12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto . . . so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

## III. DISCUSSION

**A. Regardless of Whether Fannie Mae Has the Status of a Government Entity, Johnson's Due Process, Equal Protection and 42 § U.S.C. 1983 Claims Fail as a Matter of Law**

**1. Governmental Entity**

Johnson's due process and equal protection claims fail as a matter of law because Fannie Mae is not a governmental entity capable of violating Johnson's federal constitutional rights. *See, e.g.*, *Lopez v. Bank of Am., N.A.*, ___ F. Supp. 2d ___, 2013 WL 150460, at *4 (W.D. Mich. Jan. 14, 2013); *Rubin v. Fannie Mae*, No. 12-cv-12832, 2012 WL 6000572, at *2–3 (E.D. Mich. Nov. 30, 2012); *Kapla v. Fed. Nat'l Mortg. Ass'n*, 485 B.R. 136 (Bankr. E.D. Mich. 2012); *Fed. Home Loan Mortg. Corp. v. Kelly*, No. 12-1734 LT, slip op. (Mich. 55th Dist. July 13, 2012); *Fed. Nat'l Mortg. Ass'n. v. Jenks*, No. 1102635-LT, slip op. (Mich. 55th Dist. Oct. 19, 2012); *Fannie Mae v. Sober*, No. 12-680-AV slip op. at 4–6 (Mich. Cir. Ct., Ingham County, Nov. 28, 2012).

### 2. Due Process

Fannie Mae's failure to provide Johnson a hearing prior to foreclosure does not violate Johnson's right to due process. *See Sutton v. United States Small Bus. Admin.*, 92 F. App'x 112, 121–22 (6th Cir. 2003); *see also Rubin*, 2012 WL 6000572, at *3; *Yousif v. Fed. Nat'l Mortg. Ass'n*, No. 12-cv-12427, 2013 WL 980159 at *2 n.2 (E.D. Mich. Mar. 13, 2013). The three factor balancing test applied in *Sutton* produces the same result in this case. Like the plaintiffs in *Sutton*, Johnson has a strong interest in retaining his property. On the other hand, Fannie Mae, like the SBA, has an interest in maintaining an efficient foreclosure process. The second factor also weighs in Fannie Mae's favor. Under Michigan's foreclosure by advertisement process, Johnson received a six-month redemption period to reclaim his property but failed to redeem his property within the allotted time. Johnson also had the opportunity to speak with a PHH Mortgage counselor prior to foreclosure but failed to do so. Finally, Johnson had notice of the foreclosure and sheriff's sale because PHH Mortgage published notice of the sale. Therefore, like the plaintiffs in *Sutton*, Johnson received all of the process that was "due."

### 3. Equal Protection

Johnson does not address his equal protection claim in his response to Fannie Mae's motion to dismiss. Therefore, the Court deems this claim abandoned. *See Sommer v. Davis*, 317 F. 3d 686, 691 (6th Cir. 2003) (deeming "abandoned" an issue the plaintiffs failed to address in their briefs); *Clear Sky Car Wash, LLC v. City of Chesapeake*, 910 F. Supp. 2d 861, 871 (E.D. Va. 2012) ("Because Plaintiff fails to address jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) and 2201–02 in any of its responsive briefs to the motions to dismiss, the Court deems such grounds abandoned.").

### 4. Damages Under § 1983

Johnson's claim for damages pursuant to 42 U.S.C. § 1983 is also subject to dismissal. Apart from failing to address his § 1983 claim in his response to Fannie Mae's motion to dismiss, Johnson's claim fails for the independent reasons that: (1) Johnson fails to establish a violation of his constitutional rights; (2) § 1983 applies only to state actors, not federal officials, *see Yandal v. City of Mayfield*, No. 5:10CV-P92-M, 2010 WL 4638864, at *1 n.1 (W.D. Ky. Nov. 5, 2010); and (3) an action pursuant to *Bivens v. Six Unknown named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971)—the judicially-created federal counterpart to a § 1983 action—may be maintained only against individuals and not against federal government agencies, *see FDIC v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 996, 1006 (1994).

### B. Johnson's Slander of Title/Quiet Title Claims Lack Factual Support

In Michigan, the rights of a mortgagor and mortgagee after foreclosure are controlled by statute. *Senters v. Ottawa Sav. Bank, FSB*, 443 Mich. 45, 52, 503 N.W.2d 639, 642 (1993). The foreclosure statute provides that once the redemption period has expired, all of the mortgagor's rights in the property are extinguished by operation of law. M.C.L. § 600.3236; *see Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187–88, 4 N.W.2d 514, 517 (1942). The six-month statutory redemption period under M.C.L. § 600.3240 may not be extended absent a clear showing of fraud or irregularity. *Overton v. Mortg. Elec. Registration Sys.*, 2009 WL 1507342, at *1 (Mich. Ct. App. May, 28 2009) (citing *Schulthies v. Barron*, 16 Mich. App. 246, 247–48, 167 N.W.2d 784, (1969)). The fraud or irregularity must be present in the foreclosure process itself. *Williams v. Pledged Prop. II, LLC*, No. 12-1056, 2012 WL 6200270, at *2 (6th Cir. Dec.

13, 2012). Thus, to upset the foreclosure once the redemption period has expired "would require a strong case of fraud or irregularity, or some peculiar exigency." *United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) (citing *Detroit Trust Co. v. Aqozzino*, 280 Mich. 402, 405–06, 273 N.W. 747, 748 (1937) and *Calaveras Timber Co. v. Mich. Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743, 745 (1936)).

Johnson alleges that PHH Mortgage did not have proper title to his property at the time of the foreclosure because Cendant Mortgage (the name of Johnson's lender at the time Johnson financed his property) failed to assign his mortgage to PHH Mortgage—the foreclosing lender. (Counter-Compl. at Page ID 49.) Johnson further alleges that PHH Mortgage did not own the note at the time of the foreclosure. (*Id.*) *See* M.C.L. § 600.3204(3). Finally, Johnson alleges that the foreclosure was invalid because PHH Mortgage foreclosed on his property while Johnson was "negotiating the validity of [his] debt toward a loan modification." (Counter-Compl. at Page ID 49.)

### 1. The Mortgage

Johnson mistakenly asserts that PHH Mortgage and Cendant Mortgage are separate entities. Public records, including those of the Michigan Department of Consumer Industry Services, show that Cendant Mortgage simply changed its name to PHH Mortgage when Cendant Corporation—the parent of PHH Mortgage—spun off its subsidiary—Cendant Mortgage—to Cendant Corporation shareholders. (Am. App. for Certification of Authority to Transact Bus. in Mich. (24 Jan. 2008), available at http://www.dleg.state.mi.us/bcs_corp/image.asp?FILE_TYPE=UCO&FILE_NAME=D200501\2005026\00001890.tif; *see also* Affidavit of Publication for Arizona Corporation Commission (11 Apr. 2005), available at http://images.azcc.

gov/scripts/cgi/dwispart2.pl (certifying that Cendant Mortgage changed its name to PHH Mortgage)). Cendant Mortgage was thus not required to assign Johnson's mortgage PHH Mortgage because Cendant Mortgage and PHH Mortgage are the same company. In other words, the "spin-off" of PHH Mortgage from Cendant Corporation did not affect the ownership interest in Johnson's mortgage.

### 2. The Note

Nothing in Johnson's Counter-Complaint suggests that Cendant Mortgage (also known as PHH Mortgage) transferred the note. Moreover, the Michigan Supreme Court has held that the holder of a mortgage may foreclosure the mortgage under Michigan's foreclosure by advertisement statute even if it does not own the note. *Residential Funding Co., L.L.C. v. Saurman*, 490 Mich. 909, 910, 805 N.W.2d 183, 184 (2011). Therefore, the potential separation of the mortgage and note does not support a slander of title/quiet title claim.

### 3. The Loan Modification

Johnson's claim fails because Johnson admits that he did not contact a housing counselor or seek a modification from PHH Mortgage. (Counter-Compl. at Page ID 43.) Moreover, even if Johnson were eligible for a loan modification (which he fails to allege), M.C.L. § 600.3205c provides no basis to disturb the completed foreclosure process. As the Michigan Court of Appeals has recently noted, M.C.L. § 600.3205c "provides a mechanism by which a borrower may demand that a foreclosure proceed under supervision of a court, but the statute does not in and of itself create an independent cause of action to nullify a foreclosure sale after the expiration of the redemption period and entry of a judgment of possession." *Tipton v. Flagstar Bank, FSB*, No. 305911, 2012 WL 4800169, at *1 (Mich. Ct. App. Oct. 9, 2012) (per curiam);

*see also Yousif v. Deutsche Bank Nat'l Trust Co.*, No. 12-11387, 2013 WL 93319, at *5 (E.D. Mich. Jan. 8, 2013) (noting that "courts in the Eastern District of Michigan have uniformly held that a violation of Section 600.3205c is insufficient to justify setting aside a completed foreclosure sale").

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Fannie Mae's Motion to Dismiss and dismiss Johnson's Counter-Complaint with prejudice.

An Order consistent with this Decision will be entered.


Dated: July 23, 2013　　　　　　　　　　　　　　/s/ Gordon J. Quist
　　　　　　　　　　　　　　　　　　　　　　　　GORDON J. QUIST
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE